| | | |
|---|---|---|
| **STATE OF NEW MEXICO** | § | |
| | § | **AFFIDAVIT** |
| **COUNTY OF BERNALILLO** | § | |

**BEFORE ME,** the undersigned authority, on this day personally appeared Nancy Hollander, who, after being duly sworn, upon oath said:

My name is Nancy Hollander. I was lead counsel for Shukri Abu Baker in the *United States v. Shukri Abu Baker*, No. 3:04-CR-240-P, in the United States District Court for the Northern District of Texas, as well as on appeal from this conviction. This affidavit is to respond to some of the points raised by Mr. Baker, as well as the other defendants, in their Motions under 28 U.S.C. §2255. I have been provided a copy of the motions, as well as the memoranda in support and the exhibits in support. I have thoroughly reviewed that material.

The defense in this case was a joint effort by the attorneys for all of the defendants. The decisions we made were generally joint decisions.

### Ineffective Assistance at Trial

Ground One of the §2255 Motion alleges that all of the defendants received ineffective assistance of counsel at trial. The following is my response:

1. The Motion alleges that it was ineffective assistance of counsel to permit the government to present conclusory testimony from several witnesses that Hamas controlled the Zakat Committees when the witnesses had no factual basis for the testimony.

If the record reflects that this allegation is correct, I agree that we should have objected to it. The lack of objection was not the result of any trial strategy.

2. The Motion alleges that evidence was available that would have conclusively established that Hamas did not control these Zakat Committees and that this evidence came from persons actually on the Zakat Committees and from the communities where the Zakat Committees were

located. The Motion alleges ineffective assistance as a result of not obtaining this evidence.

I have reviewed the affidavits submitted with the §2255 Motion from persons associated with the Zakat Committees that state that these committees were not controlled by Hamas. I believe this is favorable and highly material evidence that we should have sought and obtained for presentation to the jury. This evidence likely would have resulted in not guilty verdicts. The defense lawyers did not attempt to obtain this type of evidence. Our failure to do so was not the result of any trial strategy.

3. The Motion alleges that the defense should have called Professor Nathan Brown to testify in the second trial and the failure to do so was ineffective.

Professor Nathan Brown did testify in the first trial. We did not call him to testify in the second trial, which I believe was error. His testimony was important and material and could have brought about a different result in the second trial.

4. The Motion alleges that the defense lawyers were ineffective in failing to pursue a motion to suppress the evidence the government obtained from the Holy Land Foundation's offices without a warrant by challenging the blocking order.

The Fifth Circuit Court of Appeals noted the failure to make this challenge in its opinion upholding the convictions. Our failure to make this challenge was not the result of any trial strategy on our part. According to the appellate court, we should have made this challenge and I agree that it was an error not to do so.

5. The Motion alleges that defense counsel were ineffective by not raising a selective prosecution motion.

I agree that we should have raised a selective prosecution motion and that evidence was available to support this argument. Our failure to raise a selective prosecution argument was not the result of any trial strategy.

Affidavit of Nancy Hollander - Page 2

6. The Motion alleges that the defense lawyers were ineffective in not requesting the Court to order the prosecutor to review for exculpatory evidence the taped conversations the government had of various defendants and the material the Israeli Defense Forces had seized and kept in Israel of items seized from the Zakat Committees.

I agree we should have done this and our failure to do so was not the result of any trial strategy. Our efforts were directed towards obtaining the material ourselves in order to review it. However, when we were unsuccessful in that regard, we should have requested a court order to require the government to specifically review this material for exculpatory evidence.

7. The Motion alleges that the defense lawyers were ineffective by not requesting an entrapment defense instruction or otherwise pursuing an entrapment defense.

I agree that we should have done this. There was evidence that the defendants were led into committing this alleged offense by actions taken by government officials. There was also evidence that the defendants were attempting to comply with the law. These facts created a basis to pursue an entrapment defense. Our failure to do so was not the result of any trial strategy.

8. The Motion alleges that failure to raise and request a jury instruction on mistake of fact was ineffective assistance.

I agree that we should have raised this defense and requested a jury instruction. The mistake of fact was the result of the Zakat Committees not being listed as prohibited organizations. Our failure to do so was not the result of any trial strategy.

9. The Motion alleges that not challenging the constitutionality of the offenses prohibiting material support to a designated terrorist organization based on unconstitutional vagueness as applied was ineffective assistance.

I agree we should have raised this argument and the failure to do so was not the result of any trial strategy. The vagueness was the fact that the Zakat Committees were not listed as

Affidavit of Nancy Hollander - Page 3

designated terrorist organizations and it was vague as to whether providing them support was prohibited.

### Ineffective Assistance on Appeal

Ground Two of the §2255 Motion alleges that the defendants received ineffective assistance of counsel on appeal. The appeal of the convictions, like the trial, was a joint effort by all of the defense counsel. The following is my response:

1. The Motion alleges that not challenging the sufficiency of the evidence on appeal is ineffective assistance.

I agree that a legitimate argument could have been made concerning the sufficiency of the evidence on appeal. This argument would have been a stronger argument than some of the issues we raised on appeal. This argument is set out in the §2255 Motion and Memorandum. Our failure to raise this argument was error by counsel.

2. The Motion alleges that it was ineffective to not raise in the Petition for Writ of Certiorari, that the Fifth Circuit had engaged in a seriously flawed harm analysis when determining the harm from the four evidentiary trial errors identified on appeal.

The harm analysis by the appellate court was clearly incorrect. Had the appellate court employed a correct harm analysis the proper outcome of the appeal would have been a reversal of the convictions as to all defendants. This was an issue that we could have, and should have, raised in a Petition for Writ of Certiorari.

3. The Motion alleges that the lawyers were ineffective in not challenging the constitutionality of the offenses prohibiting material support to a designated terrorist organization based on unconstitutional vagueness as applied.

This is an argument that we should have raised in the district court and pursued on appeal. Our failure to do so was not the result of any trial strategy.

Affidavit of Nancy Hollander - Page 4

### Suppression of Exculpatory Evidence

Ground Four of the §2255 Motion alleges that the government suppressed exculpatory evidence. This is my response to that argument:

It is correct that the government suppressed exculpatory evidence. First, the government intercepted many years of phone conversations during the investigation of the Holy Land Foundation. There are likely phone conversations involving these defendants where comments were made that indicate a desire to follow the law and a belief that they are following the law. The government refused to declassify the majority of these calls which denied the defendants and their lawyers access to this exculpatory evidence.

Second, there is likely evidence located in a warehouse in Israel that is exculpatory. The Israeli Defense Forces took those documents from the offices of the Zakat Committees. Some of this material would support our argument that these committees were not controlled by Hamas. By their actions, the government denied the defense access to this exculpatory evidence.

It is likely that this exculpatory evidence exists, was withheld or suppressed by the government, was favorable to the defense and was material.

_____
Nancy Hollander

BEFORE ME, the undersigned authority, on this day personally appeared Nancy Hollander, known to me to be the person whose name is subscribed to the foregoing instrument, and after being duly sworn by me did state upon oath that the facts contained in said instrument are true and correct.

SUBSCRIBED AND SWORN TO before me this _8th_ day of _January_ 20_14_.

Affidavit of Nancy Hollander - Page 5

_____
Notary Public in and for
The State of New Mexico

My commission expires:
5-27-2016