IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| HOLY LAND FOUNDATION FOR | § | |
| RELIEF AND DEVELOPMENT (1) | § | |
|    also known as the "HLF" | § | NO. 3:04-CR-240-P |
| SHUKRI ABU BAKER (2) | § | |
| MOHAMMAD EL-MEZAIN (3) | § | |
| GHASSAN ELASHI (4) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHMAN ODEH (8) | § | |

## DECLARATION OF JOHN D. CLINE

1.     My name is John D. Cline. I am over the age of eighteen and competent to make this declaration. I was co-counsel for defendant Ghassan Elashi in his two trials in this matter, on appeal to the United States Court of Appeals for the Fifth Circuit, and on petition for writ of certiorari to the United States Supreme Court. I submit this declaration in connection with Mr. Elashi's motion for relief under 28 U.S.C. § 2255 (ECF number 1551).

2.     I have not yet had an opportunity to study Mr. Elashi's § 2255 motion in detail in light of the record. I am therefore not yet in a position to comment on most of the grounds for relief asserted in the motion.

3.     With respect to one aspect of Mr. Elashi's motion, however, I am able to comment at this point. Specifically, Ground One, Part (a)(2) alleges that Mr. Elashi's trial counsel rendered ineffective assistance because we failed to present available evidence from persons on the relevant zakat committees and in surrounding communities that would have established that

DECLARATION OF JOHN D. CLINE – PAGE 1

Hamas did not control those committees.  I agree that we provided Mr. Elashi ineffective assistance in this respect.

4.   To the extent I considered obtaining evidence from such persons, I assumed that no one could be found who would be willing to testify.  That assumption was not based on any investigation and was not the product of a tactical decision.  As the affidavits attached as Exhibit 1 to the joint memorandum in support of defendants' § 2255 motions demonstrate, my assumption was wrong.  If I had conducted a competent investigation, I would have discovered the witnesses whom Mr. Elashi's current counsel has found and whose affidavits are included in Exhibit 1, and I would have presented their testimony at trial, either by deposition under Fed. R. Crim. P. 15 or by live testimony in court.

5.   Whether Hamas controlled the zakat committees named in the superseding indictment was a central issue in the case.  Had I conducted a competent investigation and presented the testimony outlined in the affidavits attached as Exhibit 1 to the joint memorandum, I believe there is at least a reasonable probability that the outcome of the second trial would have been different.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21st day of January, 2014.

JOHN D. CLINE

DECLARATION OF JOHN D. CLINE – PAGE 2