## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | |
| HOLY LAND FOUNDATION FOR | § | 3:04-CR- 240- P |
| RELIEF AND DEVELOPMENT (1) | § | |
| also known as the "HLF" | § | |
| SHUKRI ABU BAKER (2) | § | |
| MOHAMMAD EL-MEZAIN (3) | § | |
| GHASSAN ELASHI (4) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHMAN ODEH (8) | § | |

### DECLARATION OF THERESA M. DUNCAN

My name is Theresa M. Duncan. I am over the age of eighteen and competent to make this declaration.

I was co-counsel for Shukri Abu Baker in the *United States v. Shukri Abu Baker*, No. 3:04-CR-240-P, in the United States District Court for the Northern District of Texas, as well as on appeal from this conviction. This affidavit is to respond to some of the points raised by Mr. Baker, as well as the other defendants, in their Motions under 28 U.S.C. § 2255. I have been provided a copy of the motions, as well as the memoranda and exhibits in support. I have reviewed that material, although I have not reviewed the trial record since the appeal.

Because I have not thoroughly reviewed the trial and appellate records, I cannot comment on some of the grounds raised in the Motions. My failure to comment on a particular ground does not in any way reflect my position as to the merits of that argument.

### Ineffective Assistance at Trial

Ground One of the 2255 Motion alleges that all of the defendants received ineffective assistance of counsel at trial. The following is my response:

1.     The Motion alleges that there was ineffective assistance of counsel as a result of counsel allowing the government to present conclusory testimony from several witnesses that Hamas controlled the Zakat Committees when the witnesses had no factual basis for the testimony.

If the record reflects that this allegation is correct, then I agree that we should have objected to it. The lack of objection was not the result of any trial strategy.

2.     The Motion alleges there was evidence available that would have established that Hamas did not control the Zakat Committees to which the HLF gave money and that this evidence came from persons actually on the Zakat Committees and from the community where the Zakat Committees were located. The motion alleges ineffective assistance as a result of not obtaining this evidence.

I have reviewed the affidavits submitted with the § 2255 Motion from persons associated with the Zakat Committees stating that Hamas did not control these committees. I believe this is favorable and highly material evidence that we should have sought and obtained for presentation to the jury. I did not attempt to obtain this type of evidence, and I am not aware of any other defense lawyer attempting to do so. Our failure to undertake this investigation was not the result of any trial strategy and I agree we provided ineffective assistance in this regard.

3.     The Motion alleges that the defense lawyers provided ineffective assistance in failing to challenge the blocking order in our motion to suppress the evidence the government obtained from HLF's offices without a warrant.

The Fifth Circuit Court of Appeals noted the failure to make this challenge in its opinion upholding the convictions. Our failure to make this challenge was not the result of any trial strategy on our part. According to the Court of Appeals, we should have made this challenge and I agree that it was an error not to do so.

4.    The Motion alleges that defense counsel was ineffective in not raising a selective prosecution argument.

If the record reflects that we failed to make this argument, I agree that we should have done so. There was evidence available to support this argument. Our failure to raise a selective prosecution argument was not the result of any trial strategy.

5.    The Motion alleges that the defense lawyers were ineffective in not requesting that the Court order the prosecutor to review for exculpatory evidence the taped conversations that the U.S. Government had of various defendants and the material the Israeli Defense Forces had seized from the Zakat Committees, which was kept in Israel.

If the record reflects that this allegation is correct, I agree we should have made this request and our failure to do so was not the result of any trial strategy. Our efforts were directed towards obtaining the material ourselves in order to review it. However, when we were unsuccessful in that regard, we should have asked for a court order to require the government to specifically review this material for exculpatory evidence.

6.    The Motion alleges that there was ineffective assistance as a result of the defense lawyers not requesting an entrapment defense instruction or otherwise pursuing an entrapment defense.

I agree that we should have done this. There was evidence that the defendants were led into committing this alleged offense by actions taken by government officials. There was also evidence that the defendants were attempting to comply with the law. These facts created a basis to pursue an entrapment defense. Our failure to do so was not the result of any trial strategy.

7.    The Motion alleges that defense counsel was ineffective in not challenging the constitutionality of the offenses prohibiting material support to a designated terrorist organization based on unconstitutional vagueness as applied.

If the record reflects that we failed to make this challenge, I agree this was an error and the failure to do so was not the result of any trial strategy. The vagueness was the fact that the Zakat Committees were not listed as designated terrorist organizations and the law was vague as to whether providing them support was prohibited.

### Suppression of Exculpatory Evidence

Ground Four of the 2255 Motion alleges that the government suppressed exculpatory evidence. This is my response to that argument:

The government intercepted many years of phone conversations during the investigation of the Holy Land Foundation. The government refused to declassify the majority of these calls, which denied the defendants and their lawyers access to this evidence. There may be additional phone conversations in which these defendants made comments indicating a desire to follow the law and a belief that they were following the law. However, because of the government's refusal to declassify the calls, defense counsel and the defendants were unable to review the vast majority of them. In other words, the defense was forced to go to trial without knowing the content of hundreds, if not thousands of hours of recordings, which likely included exculpatory information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of January 2014.

_____
Theresa M. Duncan