IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | CIVIL NOS. 3:13-CV-04299-P |
| ABDULRAHMAN ODEH | § | 3:13-CV-04300-P |
| MUFID ABDULQADER | § | 3:13-CV-04301-P |
| GHASSAN ELASHI | § | 3:13-CV-04302-P |
| MOHAMMAD EL-MEZAIN | § | 3:13-CV-04303-P |
| SHUKRI ABU BAKER | § | CRIM. NO. 3:04-CR-00240-P |

**DECLARATION IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255**

Marlo P. Cadeddu, Esq. pursuant to 28 U.S.C. § 1746, hereby declares and affirms under penalty of perjury:

My name is Marlo Cadeddu. I was lead counsel for Mufid Abdulqader in *United States v. Mufid Abdulqader*, No. 3:04-CR-240-P, in the United States District Court for the Northern District of Texas, as well as on appeal from this conviction. This affidavit is to respond to some of the points raised by Mr. Abdulqader, as well as the other defendants, in their Motions under 28 U.S.C. §2255. I have been provided a copy of the motions, as well as the memoranda in support and the exhibits in support. I have briefly reviewed that material, but have not engaged in an in-depth review.

The defense in this case was a joint effort by the attorneys for all of the defendants. The decisions we made were generally joint decisions.

**Ineffective Assistance at Trial**

Ground One of the §2255 Motion alleges that all of the defendants received

ineffective assistance of counsel at trial. I have read the Affidavit of Nancy Hollander and the Declarations of John Cline and Linda Moreno. Based upon my limited review of the motions for relief pursuant to 28 U.S.C. §2255, the memoranda in support and the exhibits in support, I agree generally with the conclusions drawn by each of those three attorneys with respect to Ground One.

Mr. Abdulqader's motion also alleges that he received ineffective assistance of counsel at trial, an allegation to which I have the following response:

1. At the first trial, the government Arabic language witness did not testify that he heard Movant Abdulqader's voice when he listened to the tape of the Philadelphia meeting. At the second trial, he also did not testify that he heard Abdulqader's voice. However, at the second trial, I asked him on cross-examination if he heard Abdulqader's voice, hoping to reinforce for the jury that Abdulqader was not present. However, rather than confirm he had not heard his voice, the witness said he was about 80% sure he had heard Abdulqader's voice. This was very damaging testimony that would not have been presented to the jury but for this question I asked. At the first trial of this matter, the jury returned a verdict of not guilty as to all counts against Mr. Abdulqader, a verdict which was overturned on juror polling when one juror changed her mind (see below). This damaging testimony by the Arabic language translator was the signal difference between the evidence presented at the first and second trials. I agree that this is a question I should not have asked and that my asking this question constitutes ineffective assistance of counsel.

2. Additionally, when the jury returned its verdict at the first trial, the jury initially found Abdulqader not guilty on all counts. However, there was some confusion when the

jury was polled and one juror said she disagreed with the verdict. Following a discussion and additional deliberations, the court declared a mistrial. I did not object to the mistrial and ask that the jury be instructed to continue its deliberations even though the jury was 11 to 1 for not guilty. If the jury had been instructed to continue to deliberate as to Abdulqader, there is a reasonable probability that the one holdout juror would have changed her position and Abdulqader would have been found not guilty on all counts. I believe I provided ineffective assistance of counsel in not asking that the jury continue to deliberate.

**Ineffective Assistance on Appeal**

Ground Two of the §2255 Motion alleges that the defendants received ineffective assistance of counsel on appeal. The appeal of the convictions, like the trial, was a joint effort by all of the defense counsel. I have read the Affidavit of Nancy Hollander. Based upon my limited review of the motions for relief pursuant to 28 U.S.C. §2255, the memoranda in support and the exhibits in support, I agree generally with the conclusions drawn by Ms. Hollander as to Ground Two.

Mr. Abdulqader's motion also alleges that he received ineffective assistance of counsel on appeal in the following additional way, to which I have the following response:

Ground Two alleges that appellate counsel provided ineffective assistance on appeal by not challenging the sufficiency of the evidence to support the finding of guilt for conspiracy. In order for Mr. Abdulqader to be guilty of conspiracy, he would need to know the unlawful purpose of the agreement and to have joined in it willfully, that is with the intent to further the unlawful purpose. There is no evidence that Mr. Abdulqader had

any knowledge as to where the specific funds raised by HLF went. Without knowledge that funds were going to a specific Zakat Committee that was allegedly controlled by Hamas, Mr. Abdulqader cannot be guilty of conspiracy. I believe I provided ineffective assistance of counsel on appeal in not making this argument on appeal.

**Suppression of Exculpatory Evidence**

Ground Four of the §2255 Motion alleges that the government suppressed exculpatory evidence. I have read the Affidavit of Nancy Hollander. Based upon my limited review of the motions for relief pursuant to 28 U.S.C. §2255, the memoranda in support and the exhibits in support, I agree generally with the conclusions drawn by Ms. Hollander as to Ground Four.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. § 1746.

Executed Feb. 3, 2010

Marlo P. Cadeddu