# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10303
USDC No. 3:13-CV-4302
USDC No. 3:04-CR-240-3
USDC No. 3:13-CV-4299
USDC No. 3:04-CR-240-8
USDC No. 3:13-CV-4301
USDC No. 3:04-CR-240-4
USDC No. 3:13-CV-4303
USDC No. 3:04-CR-240-2
USDC No. 3:13-CV-4300
USDC No. 3:04-CR-240-7

**A True Copy**
**Certified order issued Jul 27, 2016**

Jyle W. Cayce
**Clerk, U.S. Court of Appeals, Fifth Circuit**

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOHAMMAD EL-MEZAIN,

Defendant-Appellant

Cons. w/ No. 15-10304

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABDULRAHMAN ODEH,

Defendant-Appellant

No. 15-10303
c/w No. 15-10304
c/w No. 15-10306
c/w No. 15-10307
c/w No. 15-10308

Cons. w/ No. 15-10306

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GHASSAN ELASHI,

Defendant-Appellant

Cons. w/ No. 15-10307

UNITED STATES OF AMERICA ,

Plaintiff-Appellee

v.

SHUKRI ABU BAKER,

Defendant-Appellant

Cons. w/ No. 15-10308

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MUFID ABDULQADER,

Defendant-Appellant

No. 15-10303
c/w No. 15-10304
c/w No. 15-10306
c/w No. 15-10307
c/w No. 15-10308

Appeals from the United States District Court
for the Northern District of Texas

O R D E R:

Mohammad El-Mezain, Abdulraham Odeh, Ghassan Elashi, Shukri Abu Baker, and Mufid Abdulqader (the applicants) seek a certificate of appealability (COA) to appeal the district court's denial of their 28 U.S.C. § 2255 motions challenging their convictions.

A jury found El-Mezain guilty of conspiracy to provide material support to Hamas, 18 U.S.C. § 2339B(a)(1), and the district court sentenced him to 15 years in prison. The jury found Odeh and Abdulqader guilty of conspiracy to provide material support to Hamas, § 2339B(a)(1); conspiracy to provide funds, goods, and services to Hamas, 50 U.S.C. §§ 1701-06; and conspiracy to commit money laundering, 18 U.S.C. § 1956(h). The district court sentenced Odeh to 15 years in prison and Abdulqader to 20 years in prison.

The jury found Elashi and Baker guilty of conspiracy to provide material support to Hamas, § 2339B(a)(1); providing material support to Hamas, § 2339B(a)(1); conspiracy to provide funds, goods, and services to Hamas, §§ 1701-1706; providing funds, goods, and services to Hamas, §§ 1701-1706; conspiracy to commit money laundering, § 1956(h); money laundering, § 1956(a)(2)(A); conspiracy to impede and impair the Internal Revenue Service and to file false return of an organization exempt from income tax, 18 U.S.C. § 371; and filing false returns of an organization exempt from income tax, 26 U.S.C. § 7206(1). The district court sentenced both men to 65 years in prison.

The applicants argue that the district court abused its discretion in denying § 2255 relief, without an evidentiary hearing, on their claim that trial counsel performed ineffectively by failing to investigate and present witnesses at trial who would have testified that Hamas did not control or influence the zakat committees and related charities funded by the Holy Land Foundation for Relief and Development. The applicants further argue that trial counsel performed ineffectively by failing to challenge the Government witnesses and that appellate counsel performed ineffectively by failing to present on appeal a sufficiency of the evidence claim regarding Hamas's influence over or control of the relevant zakat committees and charities. Odeh and Abdulqader additionally argue that their appellate counsel provided ineffective assistance by failing to challenge the sufficiency of the evidence that they knew of and joined in with the objective of the conspiracy.

To obtain a COA, the applicants must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where the district court denies relief on the merits, the applicants must show that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (5th Cir. 2000). An applicant satisfies the COA standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. When determining whether to grant a COA, this court "do[es] not fully consider the underlying factual and legal bases in support of the petitioner's claim." *Sonnier v. Quarterman*, 476

F.3d 349, 355–56 (5th Cir. 2007); *see also Miller-El*, 537 U.S. at 336. Rather, we conduct "only a limited, 'threshold inquiry into the underlying merit[s].'" *Sonnier*, 476 F.3d at 356 (quoting *Miller-El*, 537 U.S. at 327).

Because the district court extensively demonstrates that the applicants have not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), here that experienced trial or appellate counsel performed in a constitutionally deficient manner, their request for a COA is denied, and their appeal is dismissed. The following elaborates further as to why no COA is granted on the threshold issue of whether the district court was required to hold an evidentiary hearing on the claim that trial counsel performed ineffectively by failing to call witnesses who would have testified that Hamas did not control the relevant zakat committees.

As a general matter, when reviewing counsel's performance, a court should make every effort to "eliminate the distorting effects of hindsight" and "evaluate the conduct from counsel's perspective at the time." *Strickland* v. *Washington*, 466 U.S. 668, 689 (1984). Judicial scrutiny of counsel's performance is highly deferential, and there is a "strong presumption that counsel performed adequately and exercised reasonable professional judgment." *Virgil v. Dretke*, 446 F.3d 598, 608 (5th Cir. 2006) (quoting *Titsworth v. Dretke*, 401 F.3d 301, 310 (5th Cir. 2005)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91. However, courts are "not required to condone unreasonable

decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all." *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999) (pre-AEDPA opinion as recognized by *Hernandez v. Thaler*, 463 F. App'x 349, 356 (5th Cir. 2012)). If counsel did not make an informed decision, the court must reject an assertion of strategy. *Lockett v. Anderson*, 230 F.3d 695, 715 (5th Cir. 2000). To render performance that is constitutionally sufficient, counsel should pursue all reasonable leads. *Wiggins v. Smith*, 539 U.S. 510, 525 (2003). In evaluating counsel, "a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Id.* at 527. But, "the duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Rompilla v. Beard*, 545 U.S. 374, 383 (2005).

This court's review of the district court's decision whether to grant an evidentiary hearing would be for abuse of discretion. Given that standard of review, the district court's procedural decision not to hold an evidentiary hearing is not reasonably debatable, above all for several reasons among those touched on by the district judge. First, the applicants were required to show that the witnesses were "available to testify *and would have done so*." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (emphasis added); *see also, e.g.*, *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Yet that requirement appears to be contradicted by the applicants' own brief. *See* Applicant Br. at 17 ("However, the only way

to determine *if the witnesses will provide this testimony* is to set this case for a hearing and give the witnesses the opportunity to come to the United States and testify or to allow depositions of the witnesses to be taken in their home country." (emphasis added)); *see also id.* at 18 (same).

Further, the witness affidavits provided by the applicants do not squarely address this showing. The affidavits state that the affiants were "willing to provide more details concerning this matter by way of testimony or deposition" and were "willing to provide this testimony previously but [were] never asked before the year 2013 [or 2014]." Notably, the affiants do not affirm specifically that they were available to testify during the applicants' trial in 2008 in the United States and that they would have done so. Our court has said that this requirement "is not a matter of formalism." *Woodfox*, 609 F.3d at 808. Yet the witness affidavits provided by the applicants are all virtually identical—there are no particularized affidavits, and, as stated above, none states specifically that the affiant was willing to travel to the United States and testify at the applicants' trial in in 2008.

Relatedly, the district court highlighted that trial counsel filed a Fed. R. Crim. P. Rule 15 motion, and that, therefore, "defense counsel attempted to call witnesses from the zakat communities at trial, but counsel stated the witnesses were unavailable to testify in the United States."[1] The applicants do not contradict the district court but answer instead that the motion "was a broad motion that included several categories of potential witnesses, some of

[1] The trial court denied the applicants' Rule 15 motion "without prejudice to re-filing with more specificity." A review of the record suggests that the applicants never refiled their motion. The applicants do not allege, however, that their trial counsel should have refiled the Rule 15 motion and were constitutionally deficient for not doing so.

whom were actually under criminal accusations in the United States. This motion did not refer to the same witnesses who have provided affidavits and this expressed fear had nothing to do with the witnesses the applicants have identified."

Several points are significant. First, trial counsels' joint motion demonstrates their identification of both individual and categories of foreign witnesses, including, specifically, "official representatives" of named zakat committees. The motion incorporates a declaration by one counsel (sealed and ex parte because, among other reasons, it describes defense strategy) that he, along with another defense counsel, actually traveled "to Israel, the West Bank, and Gaza during the Summer of 2005" and "interviewed officials" of one named zakat committee related to the issue of Hamas control. The motion outlines multiple factors impeding investigation, cooperation, and securing trial witness testimony, such as (1) "[t]he lack of normal diplomatic relations between the United States and the West Bank and the Gaza Strip"; (2) the "high profile, politically charged nature of this case," along with "negative attention" testifying might trigger on "return home"; (3) "serious logistical impediments" to traveling to testify, as well as (4) witness concerns about "their physical safety should they testify and also about the prospect of United States government action against them," including "the prospect of arrest, subpoena, or other process" as well as "a more generalized fear of harassment . . . ." Describing both a specific example of a prospective witness under indictment by the United States, and a broad fear of "foreign defense witnesses" being treated as an "enemy combatant," defense counsel averred

that "[u]nder these circumstances, foreign defense witnesses are unwilling to travel to the United States to testify on behalf of the Defendants."

Applicants offer no supporting caselaw that despite these efforts and assertions, trial counsel nonetheless provided constitutionally deficient representation because they did not *keep looking* to find witnesses who *were* available and *would* have testified in the United States despite the obstacles counsel encountered, disclosed to the district court, and sought to obviate through Rule 15 depositions. Indeed, the witness affidavits they submit similarly do not affirm that these persons would have traveled to and testified at the applicants' trial in the United States in 2008.

Because the applicants have not made the requisite showing on any of their claims, a COA is DENIED.

STEPHEN A. HIGGINSON
UNITED STATES CIRCUIT JUDGE

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

July 27, 2016

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

| | | |
|---|---|---|
| No. 15-10303 | USA v. Mohammad El-Mezain<br>USDC No. 3:13-CV-4302 | **Consolidated with** |
| No. 15-10304 | USA v. Abdulrahman Odeh<br>USDC No. 3:13-CV-4299 | |
| No. 15-10306 | USA v. Ghassan Elashi<br>USDC No. 3:13-CV-4301 | |
| No. 15-10307 | USA v. Shukri Baker<br>USDC No. 3:13-CV-4303 | |
| No. 15-10308 | USA v. Mufid Abdulqader<br>USDC No. 3:13-CV-4300 | |

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate.

Sincerely,

LYLE W. CAYCE, Clerk

By: _________________________
Nancy F. Dolly, Deputy Clerk
504-310-7683

cc w/encl:
Mr. James Wesley Hendrix
Mr. Joseph Palmer
Ms. Elizabeth J. Shapiro
Mr. Gary Alan Udashen